25841. SOUTHERN DISTRIBUTORS INCORPORATED *v.* JAX ICE AND COLD STORAGE COMPANY.

DECIDED MARCH 3, 1937.

*Ernest J. Haar,* for plaintiff in error.
*Robert E. Falligant, Hitch, Denmark & Lovett,* contra.

MacIntyre, J.   Jax Ice and Cold Storage Company (hereinafter referred to as "plaintiff") sued Southern Distributors Incorporated (hereinafter termed "defendant") "on open account for merchandise purchased and delivered to it." The itemized statement of account attached to the petition is made up of two invoices for malt beverages. The first invoice is dated May 22, 1935, and shows items aggregating $365, which with protest fee added totals $366.50. The second invoice is dated May 23, 1935, and shows items amounting to $381, which with protest fee added totals $382.50. The defendant filed its sworn answer admitting that it was a corporation and admitting jurisdiction of the court, but denying that it owed the plaintiff anything. The jury returned a verdict for the plaintiff for the full amount sought to be recovered, and the defendant excepted to the overruling of a motion for new trial on the general and certain special grounds. It appears that the truck-driver of the defendant received from his employer in Savannah, Georgia, an order for each of the two loads of beer represented by said two invoices, with a check to pay for same, drove to Jacksonville, presented said order and check to the plaintiff, receipted for the load delivered to him by the plaintiff, and hauled it to the place of business of his employer in Savannah. On each bill of lading sent with each of the two loads of beer was written: "Title to this shipment of beer remains in our name until it reaches destination. Jax Ice & Cold Storage

Company." Payment on the two checks given for the beer was stopped. The defendant contends that "the transaction was based upon an immoral and illegal consideration, and therefore not enforceable," because "the uncontradicted testimony of Mr. H. Wallace Sipple . . definitely shows that the contract for the shipment of beer was made in Savannah, Georgia, prior to the proclamation of the Governor" of May 23, 1935, making the "beer-license act" (Ga. L. 1935, p. 73) effective. We can not agree to the correctness of the contention that the conversation between the two representatives of the litigants in Savannah, Georgia, before May 23, 1935, constituted a contract for the beer in question; and we think our view is supported by other evidence in the case. While the evidence is not so clear and convincing as might be desired, we are satisfied that the jury was warranted in concluding that the load of beer covered by the invoice of May 22, 1935, arrived at its destination in Savannah on May 23, 1935, and that the load covered by the invoice of May 23, 1935, reached its destination in Savannah on May 24, 1935. It definitely appears from the records of the office of the Secretary of State that the Governor's proclamation making effective the "beer-license act" of 1935, was issued on May 23, 1935. Viewing the case then in the light that the sale of the beer was not effectuated until it arrived at destination in Savannah, we are of the opinion that the jury was warranted in concluding that the sale, or sales, were not illegal because violative of the prohibition law. We therefore hold that a recovery was not inhibited for the alleged reason that "the action was based upon an illegal and unenforceable contract," and that the evidence supports the verdict.

The substance of the charge. to the jury, as complained of in the first special ground is as follows: "Now, if the plaintiff has proved that this beer was sold to the defendant, and that the account is just, true, due, and unpaid, and that the defendant has failed and refused to pay it, then, in that event, you should find for the plaintiff." Error is assigned because "this was not the essential law of the case, and was in direct conflict to and contrary to the issue raised by the evidence, because the evidence disclosed that the item of May 22, 1935, should not have been submitted to the jury, and if submitted . . and a verdict rendered against the defendant on that particular item, to wit, $366.50, a verdict could not law-

fully have been brought against the defendant for that amount." We have already decided against this contention in passing on the general grounds of the motion for new trial, and hold that there is no merit in it. It is also insisted that "the court erred in . . failing to add to that portion of the charge the fact that if it was proved that the item of May 22, 1935, was delivered in Savannah, where title passed, prior to May 23, 1935, they would not be privileged under the law to find a verdict for the plaintiff for that amount." The excerpt complained of is in the nature of a general charge on the plaintiff's right to recover, and is in line with the pleadings. Before charging as set out in this ground, the court explicitly charged the defendant's contention that the item of May 22, 1935, could not be collected "if this beer was sold in Georgia on that date." After charging as set out in the ground, the court instructed the jury as follows: "Now I charge you that the defendant would not have to pay for that account, under the law, if that was an illegal consideration; and the defendant would not be required to pay the plaintiff that amount—would not owe the plaintiff that amount—if the contract was completed before May 23d, when the new prohibition law went into effect, making the sale of beer legal as on May 23d, the proclamation of the Governor making the new prohibition law the law went into effect. So that is the date of the change. Any sale effectuated prior to May 23d was illegal, and for that the defendant would not have to pay. Any sale effectuated on or after May 23d was legal, and for that the defendant would have to pay." In the light of the court's charge as a whole, and the lengthy and specific instructions quoted, we are satisfied that there is no merit in this assignment of error.

It is averred in the second special ground that the court erred in charging the jury that "any sale which was after May 23d was legal, and for that the defendant would have to pay," because "the evidence disclosed . . that the contract of sale was effectuated in the State of Georgia prior to the time and date of either one of the shipments, and prior to the legalization of the sale of beer." We do not agree to the contention of the plaintiff in error that the testimony of the witness H. Wallace Sipple as to the conversation between himself and Mr. Jenkins in Savannah, Georgia, before May 23, 1935, constituted a contract for the sale of the beer in

question; and we think this conclusion is supported by other evidence in the case. We therefore hold that there is no merit in this ground.

As appears from what has already been said, we are of the opinion that the court did not err "in submitting to the jury the question of the delivery of May 22, 1935," and charging the jury: "Now, when was that beer under the item of May 22, 1935, for $366.50, delivered in Savannah?" We therefore hold that the third special ground discloses no reversible error. It is averred in ground 4 that the court erred in failing to charge the jury that "the plaintiff could not recover as to the item of May 22, 1935, or the item May 23, 1935, if the contract for the purchase of the beer and ale, as set out in the bills of particulars dated May 22, 1935, and May 23, 1935, which are the basis of the action, was entered into in .the State of Georgia . . prior to May 23, 1935." The assignment of error is based on the contention that the "uncontradicted evidence" shows that "the contract for the purchase of the articles was made in this State, and that their price was a part of the consideration of the sale of the articles in the State of Georgia." There was no special request to charge, and the court did charge: "Now, I charge you that the defendant would not have to pay for the account, under the law, if that was an illegal consideration," etc. We do not think that the "uncontradicted evidence" shows that said purchase was made in the State of Georgia before May 23, 1935. We therefore hold that this last ground is not meritorious.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*